The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Wanda Blanche Taylor and the briefs and arguments on appeal. The appealing party has failed to show good ground receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission affirms and adopts the prior decision by the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement, filed 4 February 1997, and at the hearing on 22 September 1997 as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case and the parties are properly before the Commission.
2. Defendant-employer was a duly qualified self-insured with North Carolina Home Builders Self Insurers Fund (now Builders Mutual Insurance Company) as the fund on risk.
3. The parties stipulated into evidence, without further authentication or verification, medical records from the following: Gaston Family Health Services; Gaston Memorial Hospital, and; Robert Brown, M.D.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing in this matter on 22 September 1997, plaintiff was a 26 year old male with an 11th grade education. Plaintiff's entire employment history involved building, remodeling, installing vinyl siding and windows and other construction type activities.
2. In December 1995, plaintiff was an employee of Jeff Silvers. Plaintiff had previously worked with Mr. Silvers as co-employees for another contractor. They had both quit that job. Mr. Silvers started his own business and plaintiff became his employee. In December 1995, plaintiff was employed by Mr. Silvers who was working as a sub-contractor for Aldridge Builders. Philip Aldridge, the owner of Aldridge Builders is the uncle of Jeff Silvers, plaintiff's employer. Jeff Silvers did not have workers' compensation insurance and did not provide a certificate of insurance to Aldridge Builders. Aldridge Builders, therefore, charged Jeff Silvers a percentage of the contract price and provided workers' compensation coverage.
3. In December 1995, Aldridge Builders was the general contractor on the Bridges House near Bostick, North Carolina. Silvers was a sub-contractor on that job doing siding work. Plaintiff was working for Mr. Silvers on this project.
4. On or about 6 December 1995, plaintiff was putting up vinyl siding on the Bridges home. Plaintiff was using a tall ladder to reach the second story of the house where he was doing finishing. The ground line of the house was on an incline. As plaintiff attempted to move the tall extension ladder, the ladder swung around and plaintiff lost his balance, slipping in the mud and tripping over cement block. Plaintiff did not fall down but twisted his back and felt immediate pain in his right lower back and right hip area.
5. Plaintiff took a few moments to rest and then went back to work following this incident. However, plaintiff's back pain did not resolve and plaintiff began complaining about his back pain to Mr. Silvers on a regular basis.
6. Plaintiff sought treatment from a chiropractor in mid-February 1996. Thereafter, plaintiff's pain continued to worsen, and on 18 March 1996, plaintiff presented to Gaston Memorial Hospital complaining of pain in his right hip. At that time plaintiff was diagnosed with a lumbar strain and possible herniated disc.
7. Thereafter on 20 March 1996 plaintiff sought medical treatment from the Gaston Family Service complaining of lower and right leg pain.
8. An MRI performed on 26 March 1996 revealed a very large central and right-sided disc herniation at L5-S1 and a prominent central disc herniation at L4-L5.
9. From 18 March 1996 until 30 August 1996, plaintiff was not employed as he was unable to work due to pain. Plaintiff was referred by Dr. Sido to a neurosurgeon but did not have the funds required to obtain treatment. On 31 August 1996 and continuing to the time of the hearing, plaintiff became employed with his father where he is not required to do bending, lifting, climbing or other strenuous labor and works primarily in a supervisory role. In that employment plaintiff makes a $120.00 per day salary.
10. Plaintiff last worked for Jeff Silvers at the end of February 1996 due to a general slow down in work. By the time plaintiff's employment with Jeff Silvers ended, plaintiff was working 2-4 days per week due to the lack of work.
11. From 18 March 1996 through 30 August 1996 is the only period of lost work time claimed by plaintiff through to the time of hearing on 22 September 1997.
12. While plaintiff had routine muscle strains, bumps and bruises prior to his 6 December 1995 injury, plaintiff did not have pre-existing back pains which required him to miss significant periods of work or which limited his ability to perform his work duties.
13. On 6 December 1995, plaintiff was working an average of 47.5 hours per week with Jeff Silvers and was paid at a rate of $11.50 per hour. On 6 December 1995, plaintiff earned an average weekly wage of $546.25, yielding a compensation rate of $364.18.
14. On 6 December 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he twisted his back while attempting to move a ladder.
15. As a direct and proximate result of his injury by accident arising out of and in the course of his employment on 6 December 1995, plaintiff suffered an injury to his back.
16. As a direct and proximate result of his work-related injury by accident on 6 December 1995, plaintiff was unable to engage in physical activity required by his former job or any other job. As a result of his compensable injury on 6 December 1995, plaintiff was incapable of earning the same wages with defendant-employer or in any other employment from 18 March 1996 until 31 August 1996.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 6 December 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. From 18 March 1996 through and including 30 August 1996, as a direct result of his injury by accident, plaintiff was incapable because of his work-related physical problems to earn wages which he was receiving at the time of his injury at the same or in any other employment. G.S. § 97-29.
3. Plaintiff is entitled to temporary total disability compensation benefits at the rate of $364.18 per week from 18 March 1996 through and including 30 August 1996 for the disability he sustained as a result of his injury by accident. G.S. § 97-29.
4. Plaintiff is entitled to have defendant-employer provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief, or lessen the period of disability. G.S. § 97-25.
5. On 6 December 1995, plaintiff was a statutory employee of Aldridge Builders for the purposes of workers' compensation coverage and pursuant to G.S. § 97-19, defendant-employer Aldridge Builders, a self-insured through the North Carolina Home Builders Self-Insurers Fund, is liable therefore. G.S. § 97-19.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant-employer shall pay compensation to plaintiff at the rate of $364.18 per week from 18 March 1996 through and including 30 August 1996 for his temporary total disability. This compensation has accrued and shall be paid in lump sum, subject a reasonable attorney's fee approved in Paragraph 2.
2. A reasonable attorney's fee in the amount of twenty-five percent of a compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid by deducting from that sum and paid directly to plaintiff's counsel.
3. To the extent that the same is reasonably designed to effect a cure, give relief or lessen the period of disability, defendant-employer shall pay all medical expenses incurred by plaintiff as a result of his compensable injury.
4. Defendant shall bear the costs.
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ RENEE C. RIGGSBEE COMMISSIONER